**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30145 |
| Plaintiff - Appellant, | D.C. No. 2:08-cr-00245-RSL-1 |
| v. | |
| DEVAUGHN DORSEY, also known as Buster, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
Seattle, Washington

Before: GOULD and TALLMAN, Circuit Judges, and BENITEZ, [**] District Judge.

The United States appeals the district court's order suppressing Devaughn

Dorsey's incriminating statements made during an interrogation on May 22, 2008.

The district court conducted an evidentiary hearing, including review of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

videotaped interview, before ruling. It determined that Dorsey was arrested on the morning of May 22, 2008, and the arresting officers read him his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966). That afternoon, he was taken to the Seattle Police Department and escorted to an interview room, where he was again read his *Miranda* rights. At that time, Dorsey signed the acknowledgment of rights form.

During the subsequent interrogation, the Government concedes that Dorsey unequivocally invoked his right to counsel. Rather than immediately ending the interview, the detectives attempted to clarify whether Dorsey had invoked his right to counsel. When they were satisfied that he was willing to speak without counsel they continued the interrogation for a few minutes before one of the officers asked to speak to the other outside the room. The detectives told Dorsey that they had to make a phone call and that they would be right back.

A half hour later, Dorsey asked to use the restroom and upon his return asked a detective unconnected to the interrogation, "They tell you they comin' back in? . . . I mean, they said they was comin' back. I mean, what they gonna do?" After another half hour, one of the interrogating detectives returned and asked, "What do you need, Dorsey?" After some discussion back and forth about whether Dorsey had asked to speak with the detective, Dorsey said, "I been told

2

ya'll that. Ya'll left. I didn't tell you guys to leave. Ya'll left." When the detective asked again, "Well do you wanna talk to us then?" Dorsey replied, "I signed the paper to talk to you, didn't I?" At that time, the detectives all returned to the room and read Dorsey his *Miranda* warnings for a third time. Dorsey indicated that he understood his rights and signed the acknowledgment and waiver of rights form. During the subsequent interrogation Dorsey made several incriminating statements.

The district court suppressed these statements, holding that as a matter of fact, the first interrogation did not end when the detectives left the room and told Dorsey that they would be right back, and as a matter of law that all subsequent incriminating statements were products of a violation of *Miranda* and *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). "Whether the exclusionary rule applies to a given case is reviewed de novo, while the underlying factual findings are reviewed for clear error." *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc) (citing *United States v. Hammett*, 236 F.3d 1054, 1057 (9th Cir. 2001)).

Whether or not the detectives ended the interview when they left the room is a very close question. Although we might have decided the issue differently had we been the decision maker, we cannot hold that the determination that the

interrogation did not end was illogical, implausible, or without support in the record.  Because the district court found the interrogation did not end immediately after Dorsey asked for his lawyer or even after the detectives left the interview room, all incriminating statements made thereafter were obtained in violation of *Edwards*, 451 U.S. at 484–85, and were properly excluded.

**AFFIRMED.**